WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Alberto Paramo Castillo,<br><br>Plaintiff,<br><br>v.<br><br>19th Auto Repair LLC, et al.,<br><br>Defendants. | No. CV-25-01178-PHX-KML<br><br>**ORDER** |

Plaintiff Carlos Alberto Paramo Castillo filed this suit to recover unpaid wages. (Doc. 1.) Defendants were served but did not appear and their defaults were entered. (Docs. 6-8, 10.) Plaintiff now seeks default judgment. (Doc. 12.)

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the possibility of prejudice to plaintiff supports entry of default judgment because if "default judgment is not granted, plaintiff[] will likely be

without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2. Merits of the Claims and Sufficiency of the Complaint

The second and third factors require assessing the merits of plaintiff's claims and the sufficiency of his complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

"Defendants own and/or operate as 19th Auto Repair, an automobile repair and towing company[.]" (Doc. 1 at 8.) In early January 2025, plaintiff began working for defendants as a mechanic. Plaintiff was paid $1,200 per week regardless of the number of hours he worked. Defendants classified plaintiff as an independent contractor but defendants set plaintiff's schedule, plaintiff used equipment owned by defendants, and plaintiff's services "were integral to Defendants' business." (Doc. 1 at 9.) Based on these aspects of his work and others, plaintiff was an employee, not an independent contractor.

Plaintiff worked for defendants from January 2025 through mid-March 2025. During that time he worked approximately 60 hours per week but was never paid overtime. During his final two weeks of employment, plaintiff worked approximately 120 hours but did not receive any pay for those weeks. Plaintiff alleges claims under federal law for failure to pay overtime and minimum wage and claims under state law for failure to pay minimum wage and for failure to pay "the wages due and owing to him." (Doc. 1 at 13-17.)

The complaint contains sufficient factual allegations accepted as true to state claims under federal and state law. The second and third default judgment factors support entry of default judgment.

### 3. Amount in Controversy

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar*

*Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). Plaintiff seeks to recover $11,200, inclusive of "unpaid wages and overtime wages, fully liquidated." (Doc. 12-1 at 5.) That amount is calculated from the wages owed to plaintiff and the additions required by law. The amount therefore is proportional to the harm caused by defendants' conduct and this factor supports entry of default judgment

### 4. Dispute Over Material Facts

The fifth factor is whether there are any disputes over material facts. Defendants' decision not to respond to the complaint means there are no such disputes. This factor supports entry of default judgment.

### 5. Excusable Neglect

Defendants were served but chose not to participate. There is no indication defendants' behavior is due to excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports entry of default judgment.

### 6. Policy Favoring Decisions on the Merits

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted).

### 7. Default Judgment is Merited

Viewed together, the seven factors establish default judgment is appropriate. The final issue is the appropriate amount of damages.

### 8. Damages

It is plaintiff's burden to prove the amount of his damages. *Blumenthal Distrib., Inc.*

*v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Based on his pay of $1,200 per week, and his performing approximately 60 hours of work per week, plaintiff identifies his regular rate of pay as $20 per hour. (Doc. 12 at 6.) Plaintiff is seeking to recover his regular rate for the final two weeks he worked, 20 hours of overtime for each of the ten weeks he worked, and statutory additions.

Plaintiff was not paid anything for the final 120 hours he worked. Arizona's minimum wage is $14.70.[1] Ignoring any overtime premium, for his final two workweeks plaintiff was owed $1,764 in Arizona minimum wages ($14.70 multiplied by 120 hours). Arizona law provides that plaintiff's $1,764 in unpaid minimum wages should be trebled to $5,292. A.R.S. § 23-364(G). But Arizona law also provides that plaintiff's unpaid wages of $2,400 for his final two weeks of employment should be trebled to $7,200. A.R.S. § 23-355(A). Plaintiff admits the $7,200 amount includes the total permissible minimum wage damages, meaning plaintiff is seeking $7,200 as the "appropriate total unpaid wages award." (Doc. 12 at 10.)

As for unpaid overtime, Plaintiff alleges his regular rate was $20 per hour, meaning the overtime premium was $10. Plaintiff worked approximately 200 overtime hours during the entire course of his employment, so he seeks $2,000 in unpaid overtime. Federal law provides that this amount should be doubled to $4,000. 29 U.S.C. § 216(b). In total, plaintiff is seeking $11,200 but this amount must be apportioned across the defendants slightly differently.

Plaintiff named as defendants 19th Auto Repair LLC, Cabira Enterprises LLC, and Alberto Carlos Mejia Meza. The Arizona Wage Act ("AWA"), A.R.S. § 23-350(3), defines "employer" "much more narrowly" than the Fair Labor Standards Act ("FLSA") or the Arizona Minimum Wage Act ("AMWA"). *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). The AWA's more narrow definition of "employer" does not "authorize individual liability against the owners,

---

[1] The federal minimum wage is lower and plaintiff admits the amount he seeks for unpaid wages under Arizona's minimum wage law "engulfs Plaintiff's federal minimum wage damages." (Doc. 12 at 9.) Therefore, the unpaid wages under federal law can be ignored.

officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Id.* This means plaintiff's damages under the AWA can be assessed only against 19th Auto Repair LLC and Cabira Enterprises LLC. By contrast, plaintiff's damages under the FLSA and AMWA can be assessed against all three defendants as Alberto Carlos Mejia Meza qualifies as an "employer" under the broader definitions used by those statutes. The total damages are apportioned as follows:

- 19th Auto Repair LLC and Cabira Enterprises LLC are jointly and severally liable for the trebled unpaid regular wages ($7,200) and the doubled unpaid overtime ($4,000) for a total of $11,200; and
- 19th Auto Repair LLC, Cabira Enterprises LLC, and Alberto Carlos Mejia Meza are jointly and severally liable for the trebled unpaid minimum wages under Arizona law ($5,292) and the doubled unpaid overtime ($4,000) for a total of $9,292.

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 12) is **GRANTED**. The Clerk of Court shall enter a judgment of $11,200 against defendants 19th Auto Repair LLC and Cabira Enterprises LLC, jointly and severally. That judgment shall also reflect $9,292 of the $11,200 is entered against 19th Auto Repair LLC, Cabira Enterprises LLC, and Alberto Carlos Mejia Meza, jointly and severally. The Clerk of Court shall close this case.

Dated this 17th day of October, 2025.

Honorable Krissa M. Lanham
United States District Judge