**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Alberto Paramo Castillo,<br><br>Plaintiff,<br><br>v.<br><br>19th Auto Repair LLC, et al.,<br><br>Defendants. | No. CV-25-01178-PHX-KML<br><br>**ORDER** |

Plaintiff Carlos Alberto Paramo Castillo previously obtained default judgment on his claims involving unpaid wages. (Doc. 15.) Castillo now seeks an award of attorneys' fees and costs against all defendants. (Doc. 16.) Both federal and state law authorize an award of attorneys' fees in these circumstances. 29 U.S.C. § 216(b); A.R.S. § 23-364(G). To determine a reasonable attorneys' fees award "a court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). The court then must decide "whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Id.*

Castillo seeks to recover 15.5 hours at an hourly rate of $445, for a total of $6,897.50. Consistent with decisions by other judges in this district, the hourly rate of $445 is reasonable given counsel's expertise and experience. *Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) (citing cases). And 15.5 hours is a reasonable amount of time for the initial consultation, drafting the

complaint, arranging for service, applying for default, drafting the motion for default judgment, and drafting the motion for attorneys' fees. See *id.* at *3 (19.1 hours reasonable in similar case involving default judgment). Even if some of the billed time might have been spent on non-recoverable administrative tasks, the total number of hours is reasonable. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection."). The lodestar figure is $6,897.50.

Castillo does not seek an adjustment to the lodestar and the factors not subsumed in the lodestar do not support an adjustment in this case. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013) (some factors are presumptively accounted for in the lodestar calculation). Of particular importance, cases involving a relatively small amount of unpaid wages are not desirable and the award sought in this case is similar to awards in other cases. *Romero*, 2024 WL 2389353, at *3. Castillo is entitled to the lodestar amount as well as his actual litigation costs of $683.60, representing the filing fee and service of process fee. *Id.* at *4 (awarding costs).

Finally, Castillo seeks to recover an additional $5,545.28 "in attorneys' fees and costs to be incurred in potential collections efforts." (Doc. 16 at 6.) Castillo explains his counsel has engaged "the Parker Law Firm . . . to assist them and their clients in efforts to collect on default judgments." (Doc. 16 at 15.) "Parker Law charges a 25% contingency fee on all amounts recovered" and requires an "$850 costs retainer before undertaking any collection efforts." (Doc. 16.) Based on this arrangement, Castillo explains adding together the initial judgment ($11,200) and the attorneys' fees and costs ($6,897.50+683.60) means defendants owe a total of $18,781.10. Assuming Parker Law recovers that full amount, Parker Law will keep 25%, *i.e.* $4,695.28. But Parker Law will also keep the initial $850 retainer, for a total of $5,545.28. Castillo argues the court should award him this additional $5,545.28 to cover expected collection costs.

Castillo has cited a few cases where his counsel was awarded future collection costs. But those cases do not address the fundamental flaw in seeking recovery costs before they

are incurred. As explained in a different case handled by Castillo's counsel where the court rejected the request for future recovery costs, "[a] court can only award 'reasonable' costs and fees. Until fees [or costs] are incurred, the Court has no way to determine if they were reasonable." *Id.* In the present case, the Parker Law firm "might engage in collection efforts consisting of a single letter. If the defendants then pay the entire judgment, a letter will have cost $5,000, a patently unreasonable amount." *Id.*; *see also Romero v. Synergy Restoration LLC*, No. CV-24-01602-PHX-MTL, 2025 WL 509259, at *5 (D. Ariz. Feb. 14, 2025) (same). Castillo is free to seek an award of collections costs once he has incurred collections costs and can establish those costs are reasonable for the amount of work performed.

**IT IS ORDERED** the Motion for Attorneys' Fees and Costs (Doc. 16) is **GRANTED IN PART**. Plaintiff is awarded against all defendants $6,897.50 in attorneys' fees and $683.60 in costs, for a total of $7,581.10.

Dated this 18th day of November, 2025.

Honorable Krissa M. Lanham
United States District Judge

- 3 -